Taxes; meóme tax; deductions; depreciation. — Plaintiffs sued to recover income taxes and interest thereon on the ground that they were not allowed to use what they considered to. be the proper cost basis in computing depreciation on vessels purchased from the Maritime Commission, the prices of these vessels having been adjusted under section 9 of the Merchant Ship Sales Act of 1946, 60 Stat. 41, 50 App. U.S.C. § 1142. Plaintiffs contend that the depreciable basis was the original cost of the vessels less the net adjustments granted in that cost under section 9 of the 1946 Act. Defendant contended that the depreciable basis was the “statutory sales price” determined in accordance with section 3(d) of the 1946 Act.
The Keystone Tankship Corporation case came before the court on plaintiff’s and defendant’s cross-motions for summary judgment.. Upon consideration thereof, together with opposition thereto and after oral argument and the filing of plaintiff’s supplemental memorandum on November 2, 1965, the court concluded on the basis of the decision of the United States Supreme Court in Waterman Steamship Corp. v. United States, 381 U.S. 252, rehearing denied 382 U.S. 873 (1965), that plaintiff was not entitled to recover and the petition was dismissed on November 8, 1965.
The Moore-McCormack Lines, Inc. cases came before the court on defendant’s motions for summary judgment and plaintiff’s motions to dismiss defendant’s motions for summary judgment. Upon consideration thereof and without oral argument, the court concluded on the basis of the Supreme Court’s decision in Waterman Steamship Corp. v. United States, supra, that plaintiff was not entitled to recover and on November 8, 1965, the petitions were dismissed.